# SETTLEMENT AGREEMENT AND RELEASE

Maspeth Auto Care, Inc. and John Ragone (collectively "Defendants"), and Raju Shivagari ("Shivagari"), desire to avoid the costs, risks, and delays associated with litigation and therefore agree as follows:

1. **Definition of Parties**.

    a. "Plaintiff" shall be defined as Raju Shivagari.

    b. "Defendants" shall be defined as Maspeth Auto Care, Inc. and John Ragone.

    c. "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendant on December 3, 2015, in the United States District Court, Eastern District of New York, with Civil Action #: 15-CV-06893 (KAM)(ST).

2. **Consideration**. In consideration for Mr. Shivagari' signing this Agreement and the release of all claims herein, Defendants Maspeth Auto Care, Inc. and John Ragone agree to make the following payments:

    a. Fourteen checks made payable to "Raju Shivagari" each in the amount of Eight Hundred, Sixty-Three Dollars and Fifty-Seven Cents ($863.57), totaling Twelve Thousand and Ninety Dollars ($12,090). The first of these fourteen (14) payments will be due on or before June 6, 2018 and the remaining 13 payments will be due at 30-day intervals following the June 6, 2018 due date for the first payment; 

    b. Fourteen checks made payable to "Abdul Hassan Law Group, PLLC" each in the amount of Five Hundred and Sixty-Five Dollars ($565), representing a 1/3 contingency fee ($6044) plus costs ($1,866), to be reported on an IRS Form 1099-MISC (Box 14). The first of these fourteen (14), payments will be due on or before June 6, 2018 and the remaining 13 payments will be due at 30-day intervals following the June 6, 2018 due date for the first payment; 

    c. The payments above shall be delivered to the office of Plaintiff's counsel Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427 by overnight delivery or hand delivery. Plaintiff's Counsel shall hold the settlement payments until the seven-day revocation period has expired. Plaintiff has agreed to waive the 21-day review period.

    d. If there is a default in making the payments herein, Plaintiff or his counsel, will give Defendants **Maspeth Auto Care, Inc. and John Ragone**, written notice of said default, by sending a notice of default email to Defendants' attorneys **Mr. Richard Solomon, Esq.** Defendants will have ten (10) days from receipt of such notice to cure the default. If Defendants do not cure the default within ten (10) days of the notice, Plaintiff and his Counsel shall have the right to a judgment or supplemental judgment against Defendants **Maspeth Auto**

**Care, Inc. and John Ragone**, individually and jointly, in the amount of Sixty Thousand Dollars ($60,000) less any monies paid by Defendants at the time of default. The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his counsel.

    e.    Defendants Maspeth Auto Care, Inc. and John Ragone agree voluntarily agree and hereby waive any right to discharge in any bankruptcy proceeding, the $20,000 in payments due to Plaintiff Raju Shivagari and his counsel Abdul Hassan Law Group, PLLC and set forth in paragraphs 2(a) and 2(b).

    f.    Defendant knowingly and voluntarily release and forever discharge Plaintiff of and from any and all claims, arising from or relating to his employment with Defendants as of the date of execution of this Agreement.

    g.    If court approval of this settlement agreement does not occur before any payment is due, Defendants shall hold such payments and distribute them within ten (10), days of the Court's approval of this settlement agreement.

    3.    **No Consideration Absent Execution of This Agreement**.   Plaintiff understands and agrees he would not receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the discontinuance of the Action with prejudice.

    4.    **Release of Claims by Plaintiff**.  In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendants of and from any and all wage and hour claims under the FLSA and NYLL, as of the date of execution of this Agreement. Specifically excluded from this settlement and release are any claims Plaintiff has or may have against defaulting defendants Maspeth Foodmart Inc. and Hari Singh, including any and all successor in interest claims.

    5.    **Acknowledgments and Affirmations**.

    a.    Plaintiff affirms that in the Action he has asserted a claim in seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement. Plaintiff authorizes his attorney to seek approval of the settlement and dismissal of the Action with prejudice.

    6.    **Governing Law and Interpretation**.  This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions.  In the event the Plaintiff or Defendant breaches any provision of this Agreement, Plaintiff and Defendant affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If the release language is found to be illegal or unenforceable, Plaintiff and Defendants agree to execute a binding replacement release(s).

7. **Amendment**. Except as provided in Paragraph 6 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

8. **Resolution of Disputes**. The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

9. **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

10. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

11. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

12. **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

13. **Joint Participation in Preparation of Agreement**. The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

14. **Competency to Waive Claims**. At the time of considering or executing this Agreement, Mr. Shivagari was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Mr. Shivagari is competent to execute this Agreement.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**PLAINTIFF:**  **DEFENDANT:**

**RAJU SHIVAGARI**  **MASPETH AUTO CARE, INC.**

By: _S. Pugh_

Date: _06/04/18_

By: _[signature]_

Print Name _JOHN RAGONE_

Title _Pres_

Date: _6-22-18_

**DEFENDANT:**

**JOHN RAGONE**

By: _[signature]_

Print Name _JOHN RAGONE_

Title _Oner_

Date: _6-22-18_

4